TAYLOR v. SCHOOL DIST. OF GARFIELD, LYON COUNTY, IOWA.

(Circuit Court, N. D. Iowa, W. D.   October 6, 1898.)

No. 624.

SCHOOL-DISTRICT BONDS—VALIDITY—ESTOPPEL TO CONTEST.

An Iowa school district, created by the division of a larger district, which, in accordance with the provisions of the statute, as its equitable portion of the indebtedness of the original district assumed the payment of certain bonds issued by such district in satisfaction of a judgment against it, as authorized by law, and the validity of which it was precluded from contesting by the rendition of the judgment, is also precluded from defending against such bonds, or against other bonds of its own which it subsequently issued in exchange therefor, although the amount of such bonds exceeded the limit of indebtedness which it could constitutionally contract.

This was an action to recover on bonds issued by the defendant school district.

From the evidence submitted in the above case, a trial by jury being waived in writing, the court finds the facts to be as follows:

(1) The plaintiff, J. C. Taylor, when this suit was brought, was a citizen of the state of South Dakota; the defendant, the school district of Garfield, was a municipal corporation created under the laws of the state of Iowa for school purposes in Lyon county, Iowa; and the amount involved in this controversy exceeds the sum of $2,000, exclusive of interest and costs.

(2) The territory included within the boundaries of the present school district of Garfield was originally included within the boundaries of the district township of Doon, as the same was created at the time of the organization of Lyon county, in 1872, and so continued up to the year 1882, when the district township of Garfield was created. By statute it was subsequently provided that district townships should be called and known as "school districts."

(3) On the 12th day of August, 1873, there was rendered in the district court of Lyon county, Iowa, a judgment in favor of James H. Wagner against the district township of Doon in the sum of $3,000 and costs. In 1880, in payment of this judgment, the district township of Doon issued to James H. Wagner bonds in the sum of $5,200, the receipt of which in satisfaction of the judgment is acknowledged upon the record of judgments in the district court of Lyon county under date of September 4, 1880.

(4) The Wagner bonds, issued as above stated, were sold for full value to George B. Provost, and in 1884 were exchanged for and were taken up by the bonds in suit, which bear date December 1, 1883, and which were duly signed and executed by the president and secretary of the district township of Garfield, the said bonds and coupons now being owned by the plaintiff, J. C. Taylor.

(5) The judgment rendered in the district court of Lyon county, Iowa, in favor of James H. Wagner and against the district township of Doon was based upon contracts for the building of school houses in Doon township, the amounts of which contracts were exorbitant, and, as between James H. Wagner and the district township of Doon, were fraudulent; and by a proper defense the amount of the judgment rendered might have been greatly reduced.

(6) When the school district of Garfield was set off from the district of Doon,

97 F.—48

the former district assumed, as part of the indebtedness equitably chargeable against it as part of the old district of Doon, the bonds issued in payment of the Wagner judgment, amounting to $5,200, and subsequently exchanged therefor the bonds now in suit, amounting to $5,000, and coming due December 1, 1893.

(7) That when the bonds in suit were issued by the district township of Garfield the total amount of the taxable property within its boundaries, as shown by the last preceding state and county tax lists, was the sum of $92,430.

(8) That at the time of the division of the territory originally forming the district township of Doon into the district townships of Doon and Garfield the original district township of Doon was indebted in an amount in excess of 5 per cent. on the assessed valuation of the taxable property embraced within the boundaries of the original district township of Doon, and was indebted in an amount in excess of 5 per cent. upon the assessed valuation of the property in Doon and Garfield townships, as shown by the state and county tax lists for the year 1883, and this indebtedness was outstanding and unpaid when the bonds in suit were issued.

(9) That the total valuation of the taxable property within the boundaries of the district township of Doon from 1872 to 1882, both inclusive, as shown by the state and county tax lists for the several years, is as follows: 1872, $133,844.74; 1873, $242,108.40; 1874, $240,582.60; 1875, $253,226.74; 1876, $225,825.39; 1877, $209,034.34; 1878, $109,197.19; 1879, $118,214; 1880, $131,038; 1881, $136,927; 1882, $137,646.06.

(10) The bonds sued on and numbered 1, 7, 20, 22, for the sum of $1,000 each, and numbers 4 and 6, for $500 each, are fully due and unpaid, and there are attached to each bond 17 interest coupons, all of which are due and unpaid.

(11) The total amount due October 1, 1898, on the bonds and coupons sued on, is $11,045.37, as follows:

| | |
|---|---:|
| Bonds, face amount | $ 5,000 00 |
| Coupons, face amount | 2,975 00 |
| Interest on bonds from maturity, Dec. 1, 1893, to Oct. 1, 1898, at 6% | 1,450 00 |
| Interest on coupons after maturity at 6% | 1,620 37 |
| Total | $11,045 37 |

J. M. Parsons, for plaintiff.

H. G. McMillan, for defendant.

SHIRAS, District Judge (after stating the facts). Upon the foregoing facts I hold as a matter of law that the plaintiff is entitled to judgment for the amount due upon the bonds and coupons declared on. The evidence shows that when the district township of Garfield was segregated from the district township of Doon it assumed the payment of the Wagner bonds as part of the indebtedness equitably chargeable to it, this being done in accordance with the provisions of section 2821, McClain's Code of Iowa, which provides that upon the division of an existing district into two or more new districts an equitable division of the assets and liabilities shall be made. The Wagner claim, having been put into judgment against the district township of Doon, became a valid and enforceable debt against that district, which then included the territory subsequently set apart as the district township of Garfield. This judgment was satisfied by the issuance to Wagner of $5,200 of the bonds of the district township of Doon, and the payment thereof was assumed by the district township of Garfield upon its separation from the parent township. If there existed a defense to the claim of Wagner against the district township of Doon because of the exorbitant prices

charged for the erection of the school houses in the township, or because the district had reached the limit of indebtedness which it could lawfully incur under the provisions of the constitution of the state of Iowa, these defenses should have been availed of to prevent the rendition of the judgment entered in the district court of Lyon county. The rendition of the judgment established the validity of the claim sued on, and, when the district township refunded the judgment in bonds issued for that purpose, the latter were not open to a defense which might have been urged against the original Wagner claim. As already stated, the payment of these bonds, which had passed into the hands of innocent holders, was assumed by the district township of Garfield, which in turn, under the provisions of the laws of Iowa, refunded the same by exchanging therefor the bonds in suit. This exchange did not increase the indebtedness of the district township of Garfield, the facts bringing the case within the exception recognized by the supreme court in Doon Tp. v. Cummins, 142 U. S. 372, 12 Sup. Ct. 220, to the effect that an actual exchange of bonds for a pre-existing indebtedness would not be held to increase the indebtedness of the municipality. See, also, City of Huron v. Second Ward Sav. Bank, 30 C. C. A. 38, 86 Fed. 272. As the evidence fails to show that the Wagner bonds were invalid when payment thereof was assumed by the defendant district, and as it does not appear that a defense could have been successfully made thereto by the present defendant after it had assumed payment thereof, it follows that no defense is made out by showing that the bonds in suit were exchanged for those assumed by the defendant district. Judgment for the plaintiff.